## SMITH v. CLEVELAND (City).

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8999. Decided May 21, 1828.

First Publication of This Opinion.

Syllabus by Editorial Staff.

693. KNOWLEDGE—333. Criminal Law—118. Automobiles.

Under ordinance making it punishable offense for driver of motor vehicle, after accident, to leave scene without offering aid to injured person, accused cannot be held guilty unless he knew that his motor vehicle had injured somebody.

Error to Municipal Court.

Judgment reversed.

T. W. Fleming and H. T. Cassaway, Cleveland, for Smith.

S. O. Hirtius, Clveland, for Cleveland, (City).

## FULL TEXT.

PER CURIAM.

Plaintiff in error was convicted for the violation of an ordinance of the City of Cleveland which makes it a punishable offense for the driver of a motor vehicle after an accident occurs, to leave the scene of the accident without offering to give aid to the injured person.

It must, of course, be conceded that a person cannot be held guilty of a crime under this ordinance unless he knew that his motor vehicle injured somebody.

The evidence submitted in substantiation of the affidavit charging the offense, totally failed to disclose such knowledge.

It is claimed by somebody that a boy was injured. The boy did not appear in court to testify.

The accused, plaintiff in error, states that he did not know that he injured anybody. The surrounding circumstances as disclosed by the record, lends credence to his statement.

We hold therefore, that the evidence is insufficient in law to justify conviction.

The judgment of the Municipal Court is therefore ordered reversed and the plaintiff in error is ordered discharged.

(Vickery, J., and Sullivan, PJ., concur.)

---

## TRIVISONNO v. ROBERTS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8988. Decided May 14, 1928.

Syllabus by Editorial Staff.

465. ERROR PROCEEDINGS—144. Bills of Exceptions.

Bills of Exceptions must be signed by trial court within proper time, and it must be certified that bill contains all the evidence.

Error to Municipal Court.

Petition dismissed.

Demson, Phillips & Davis, Cleveland, for Trivisonno.

S. M. Lo Presti, Cleveland, for Roberts et.

## FULL TEXT.

SULLIVAN, PJ.

This cause is here on error from the Municipal Court of the City of Cleveland, and upon a motion to dismiss the petition in error on the ground that there is no Bill of Exceptions, is first considered because the errors assigned are determinable only from the evidence in the court below, and we find, from an examination of the Bill, that numerous exceptions were filed thereto before the trial court, and that he examined the same and after his examination, pronounced in writing that in his judgment the exceptions were well taken.

There is only one conclusion that we can reach from this act of the trial court and that is that all the evidence in the case is not in the record and that status, in addition to the fact that the trial court does not certify as the authorities require, that the Bill of Exceptions contains all the evidence, forces us to but one conclusion and that is that the motion should be sustained and the petition in error dismissed.

Bills of Exceptions must be signed by the trial court within the proper time, and it must be certified that the Bill contains all the evidence.

In the present case, however, instead of the affirmative finding which is required by the court, and which was to appear in his certificate, there is disclosed a negative finding, to-wit, that the Bill of Exceptions does not contain all the evidence, for there is no other significance than this to be placed upon what is written by the trial court, that the exceptions to the Bill of Exceptions are well taken.

Thus holding, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)